NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC., | CIVIL ACTION NO. 18-17574 (JLL) |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| RUHIEE LLC, *et al.*, | |
| Defendants. | |

**LINARES**, Chief District Judge

**IT APPEARING THAT:**

1. Currently pending in this action to recover damages for the alleged breach of a hotel franchise agreement (hereinafter, "the Agreement") is the unopposed motion by the defendants, which was filed on April 22, 2019, pursuant to Federal Rule of Civil Procedure 55(c) to set aside the default and the default judgment that have been entered against them. (ECF No. 14.) The default was entered on March 1, 2019, and the default judgment was entered on April 17, 2019. (ECF No. 13.)

2. The Court resolves the defendants' motion upon a review of the papers and without oral argument. *See* L. Civ. R. 78.1(b). For the following reasons, the motion is granted.

3. The decision whether to set aside the entries of a default and a default judgment is within the discretion of the Court. *See Farnese v. Bagnasco*, 687 F.2d 761, 763–64 (3d Cir. 1982). Furthermore, the entry of default judgments is disfavored, and decisions on the merits are to be encouraged. *See id.* at 764; *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521–22 (3d Cir. 2006).

4. The Court holds that there is no basis upon which to conclude that the plaintiff will be prejudiced if the default and the default judgment are set aside, as the plaintiff has not raised any such argument for the Court's consideration in opposition to the motion. *See Farnese*, 687 F.2d at 764 (discussing this factor). In any event, it does not appear that the plaintiff's ability to pursue its claims against the defendants will be hampered at this early juncture in the litigation.

5. The Court also finds that the defendants have presented a litigable defense in the action. *See Farnese*, 687 F.2d at 764 (discussing this factor). Indeed, the defendants argue that the amount that they allegedly owe to the plaintiff is in dispute, that the plaintiff interfered with their ability to perform under the terms of the Agreement, and that the plaintiff failed to mitigate its damages. (ECF No. 14-2 at 8–10.)

6. The Court also finds that the entries of the default and the default judgment were not caused by the culpable conduct of the defendants or their counsel, but were due to excusable neglect. *See Farnese*, 687 F.2d at 764 (discussing this factor). The

defendants certify that the delay was caused by an honest oversight by counsel. (ECF No. 14-1 at 2.) In addition, the defendants moved to set aside the default and the default judgment within only five days of the entry of the default judgment against them. (ECF No. 13 (entry of default judgment on April 17, 2019); ECF No. 14 (motion to set aside filed on April 22, 2019).) Furthermore, the defendants have submitted a proposed answer to the plaintiff's complaint for the Court's review. (ECF No. 14-1 at 4–15.)

7. As a result, the Court finds that the defendants' earlier failure to appear in the action was neither willful nor in bad faith. For good cause appearing:

**IT IS THEREFORE** on this __15th__ day of May, 2019, **ORDERED** that the defendants' motion to set aside the default and the default judgment that have been entered against them **(ECF No. 14)** is **GRANTED**; and it is further

**ORDERED** that the default and the default judgment that have been entered against the defendants are **SET ASIDE**, and the case is **REOPENED**; and it is further

**ORDERED** that the defendants are directed to separately file either an answer to the complaint or a dispositive motion within 21 days of the entry of this Order pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i).

**JOSE L. LINARES**
Chief Judge, United States District Court